UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER J. CORINES,

*Plaintiff*,

v.

COUNTY OF WESTCHESTER, *et al.*,

*Defendants*.

22-CV-5179 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On June 17, 2022, Plaintiff Peter Corines ("Plaintiff"), proceeding pro se, initiated this Action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights during his incarceration at the Westchester County Jail (the "Jail"). (*See generally* Compl. (Dkt. No. 2).) On December 14, 2022, Plaintiff filed his First Amended Complaint, which named Westchester County (the "County"); Assistant Wardens Carl Vollmer ("Vollmer") and Francis Delgrosso ("Delgrosso"); Sergeants Hurley, Reyes-Rhodes, Lopez and Ashterton; and two John Doe mailroom officers (collectively the "named Defendants") as Defendants.[1] (*See generally* Am. Compl. ("FAC") (Dkt. No. 9).) On July 20, 2023, the named Defendants filed a Motion to Dismiss, (*see* Not. of Mot. (Dkt. No. 34)), which the Court granted on March 25, 2024, *Corines v. Cnty. of Westchester*, 2024 WL 1257093, at *12 (S.D.N.Y. Mar. 25, 2025). The Court dismissed Plaintiff's claims against the named Defendants with prejudice and ordered Plaintiff to show cause as to why his claims against the John Doe mailroom officers should not be dismissed

[1] Plaintiff named "Seargeant Ashterman" in the caption but referred to "Sgt. Ashterton" throughout his First Amended Complaint. (*See generally* FAC.) Because Defendants concurred with the use of "Ashterman," the Court used that name in its prior Opinion. *Corines, v. Cnty. of Westchester*, No. 22-CV-5179, 2024 WL 1257093, at *1 n.1 (S.D.N.Y. Mar. 25, 2025).

with prejudice within 30 days. *Id.* Notably, the Court also denied Plaintiff's request for leave to amend. *Id.* at *11.

However, on November 19, 2025, Plaintiff filed a Second Amended Complaint, which realleged claims against the County, Delgrosso, Vollmer, Hurley, Lopez, and Ashterton, and added Officers Neil McCarron, Kerri Starkey, Pamela Robillard, Kiernan O'Meara, Ramon Gonzalez, and Trevouise Payne (together the "mail and property room officers"), Sergeant Robollo, Corrections Officer Duggar ("Duggar"), and the Westchester County Department of Corrections as Defendants.[2] (*See generally* Sec. Am. Compl. ("SAC") (Dkt. No. 52).) In the SAC, Plaintiff challenges the constitutionality of the Jail's five-book rule and Hurley's enforcement of it, (*id.* at 9–10), alleges that Lopez and the mail and property room officers interfered with his outgoing and incoming personal and legal mail, (*id.* at 3–8, 10–12), and claims that Lopez, Ashterton, Reyes-Rhodes, Delgrosso, Vollmer, and Duggar knew of these issues but failed to address them, (*id.* at 5 n.5, 8, 10–13).[3]

At a status conference on April 10, 2026, the Court instructed Plaintiff to file a letter explaining how the claims in his Second Amended Complaint differ from those previously dismissed with prejudice, (*see* Dkt. (minute entry for Apr. 10, 2026)), which Plaintiff filed on April 20, 2026, (*see* Letter from Peter J. Corines to Court (Apr. 14, 2026) ("Pl.'s Letter") (Dkt.

---

[2] The Court understands "Sgt. Ashterton" to be the individual previously referred to as "Ashterman" in his First Amended Complaint, *see Corines*, 2024 WL 1257093, at *1 n.1 (explaining Plaintiff's use of "Ashterton" and "Ashterman" interchangeably in his First Amended Complaint), and will use Ashterton to refer to this individual throughout this Order.

Additionally, although Plaintiff does not include Lopez in the caption of his Second Amended Complaint, he pleads claims against Lopez, (*see, e.g.*, SAC 8), so the Court will continue to include Lopez as a defendant.

[3] Plaintiff also alleged that he was denied reasonable access to the law library, (SAC 11), and retaliated against for filing a grievance regarding harassment by a neighboring inmate, (*id.* at 12), but subsequently withdrew these claims, (Pl.'s Letter 3).

No. 57)). For the reasons set forth below, the Court dismisses Plaintiff's claims against the County and Hurley and one of his claims against Lopez.

I. Plaintiff's Reasserted Claims

"Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action' to support or to defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013). A "dismissal with prejudice is a ruling on the merits that precludes a plaintiff from relitigating—in any court, ever again—any claim encompassed by the suit," *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2022) (quotation marks omitted) (quoting *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022)), and a "[p]laintiff[] may not replead claims that were [previously] dismissed with prejudice[,]" *Aghaeepour v. N. Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 271 (S.D.N.Y. 2019)); *see also Kelley v. Universal Music Grp.*, No. 14-CV-2968, 2016 WL 5720766, at *9 (S.D.N.Y. Sept. 29, 2016) (dismissing the plaintiff's re-plead claims because they were "materially identical to those that the [c]ourt [previously] dismissed with prejudice" and "'[p]laintiffs obviously may not re-plead as to matters which the [c]ourt has dismissed with prejudice.'" (quoting *Feinman v. Schulman Berlin & Davis*, 677 F. Supp. 168, 173 (S.D.N.Y. 1988) (quotation marks omitted)). Similarly, under the law of the case doctrine, "a decision on an issue of law becomes binding precedent in subsequent stages of the same litigation." *Brentwood Pain & Rehab. Servs., P.C. v. Allstate Ins. Co.*, 508 F. Supp. 2d 278, 288 (S.D.N.Y. 2007) (citing *In re PCH Assocs.*, 949 F. 2d 585, 592 (2d Cir. 1991)); *see also Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (citation and quotation marks omitted)); *United States v. Plugh*, 648 F.3d 118,

123 (2d Cir. 2011) (explaining that "[a]s a general matter . . . [a court should] adhere to its own decision at an earlier stage of the litigation" (citation and quotation marks omitted)).

These doctrines bar Plaintiff from reasserting claims that were dismissed with prejudice in the Court's prior Opinion. Plaintiff previously challenged the constitutionality of the Jail's five-book rule and Hurley's enforcement of it, and the Court held that "the five-book rule d[id] not violate Plaintiff's First Amendment rights in the prison context[,]" and "[b]ecause Plaintiff '[d[id] not allege that the five-book rule is excessive in relation to a government purpose,'" he failed to plead a *Monell* claim based on it. *Corines*, 2024 WL 1257093, at *6 (alterations adopted). As a result, Plaintiff's claims against the County and Hurley were dismissed with prejudice. *Id.* at *8, *12. Plaintiff explains that his renewed challenge to the five-book rule and Hurley's enforcement of it "were changed to include the fact that the rule was . . . not related to any legitimate penological interest," (Pl.'s Letter ¶ 1),[4] but the Court's previous dismissal with prejudice bars Plaintiff from renewing this claim even with the added changes, *see Bravo v. MERSCORP, Inc.*, No. 12-CV-884, 2013 WL 4851697, at *1 (E.D.N.Y. Sept. 10, 2013) ("Plaintiff may not reassert claims that have already been dismissed with prejudice." (citation omitted)); *Nilsson v. Coughlin*, No. 85-CV-4322, 1989 WL 63097, at *1 (S.D.N.Y. June 7, 1989) ("The first three claims, having been dismissed with prejudice, are barred by the doctrine of res judicata from being raised again." (collecting cases)).

Similarly, Plaintiff's claim that Lopez interfered with his access to the courts by failing to provide Plaintiff with receipts for outgoing legal mail is barred because the Court previously

---

[4] Plaintiff also highlights that reading materials he was "deprived of" due to the five-book rule were religious in nature. (Pl.'s Letter ¶ 1.) However, the religious nature of these reading materials does not change the Court's analysis because "access to religious reading materials may be reasonably limited in prison without violating the First Amendment." *Corines*, 2024 WL 1257093, at *6 n.6 (citation omitted).

found that these allegations did not amount to a claim for denial of access to the courts because Plaintiff did not explain how Lopez's failure to provide him with a mailing receipt hindered his ability to participate in his state criminal case and Plaintiff "d[id] not allege that Lopez interfered with his mailings, tore them up, or did anything 'malicious' that injured him." *Corines*, 2024 WL 1257093, at *9 (citation omitted). Although Plaintiff now alleges that Lopez "repeatedly refused to produce, confiscated, destroyed or otherwise prevented return of [P]laintiff's" mailing receipts for Plaintiff's certified legal mail, (SAC 8), Plaintiff cannot re-plead this claim with these added details because it was previously dismissed with prejudice, *see Sibley v. Watches*, No. 19-CV-6517, 2020 WL 3259294, at *1–2 (W.D.N.Y. June 16, 2020) (holding that the plaintiff could only re-plead claims that had been dismissed *without* prejudice, not those that had been dismissed *with* prejudice); *Gupte v. Watertown Bd. of Educ.*, No. 17-CV-283, 2018 WL 4054880, at *3 (D. Conn. Aug. 24, 2018) (holding that the plaintiff could not replead claims that had been dismissed with prejudice in a prior ruling).

II. Plaintiff's New Claims

Plaintiff's Second Amended Complaint differs from its prior iteration in several important respects. For example, Plaintiff now names the mail and property room officers who allegedly interfered with his mail, (SAC 3–7), and claims that Lopez, Ashterton, Duggar, Vollmer, and Delgrosso were aware of, and failed to correct, these issues, (*id.* at 6–8, 10–13). He also asserts that Reyes-Rhodes refused to accept a written grievance concerning issues with some of his incoming mail. (*Id.* at 5 n.5.) Although Plaintiff was not previously granted leave to amend his Complaint, in light of Plaintiff's pro se status, the Court will allow these new allegations to proceed. *See Joachin v. AIG*, No. 24-CV-4335, 2025 WL 1127175, at *1 (S.D.N.Y. Apr. 16, 2025) ("The Second Circuit has admonished district courts to afford pro se plaintiffs special leniency." (emphasis omitted) (citing *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir.

2009)); *Huan v. Fauci*, No. 22-CV-7392, 2024 WL 1181476, at *2 (E.D.N.Y. Feb. 12, 2024) (outlining the "special solicitude" with which courts must approach pro se complaints), *report and recommendation adopted*, 2024 WL 1174538 (E.D.N.Y. Mar. 19, 2024).

In sum, Plaintiff's claims regarding the five-book rule and Lopez's failure to provide him with a receipt for his outgoing legal mail are barred by the Court's previous Opinion and are therefore dismissed. However, Plaintiff's newly asserted claims against the mail and property room officers, Lopez, Ashterton, Reyes-Rhodes, Duggar, Vollmer, and Delgrosso remain viable. The Clerk of Court is respectfully directed to terminate the County and Hurley from this Action and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 31, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE